STATE OF NEBRASKA v. A. D. CLOYD.

[FILED MAY 18, 1892.]

1. **Liquors:** SALE BY PHYSICIAN WITHOUT PERMIT. Under the
   act amendatory and supplemental of chapter 50 of the Com-
   piled Statutes of 1885, entitled "Liquors," it is unlawful for
   any person to keep for the purpose of sale without license any
   malt, spirituous, or vinous liquors. Physicians or druggists

having permits for the sale of liquors for medicinal, mechanical, chemical, or sacramental purposes are excepted from the operation of the act.

2. ——: ——. *Held,* That the complaint set out in the opinion states an offense under the statute, and that the court erred in sustaining a demurrer to the same.

EXCEPTIONS from the district court for Richardson county. Tried below before APPELGET, J.

*A. E. Gantt,* for plaintiff in error:

The act is unconstitutional. (*Pleuler v. State,* 11 Neb., 547; *Mette v. McGuckin,* 18 Id., 324; *White v. Lincoln,* 5 Id., 516; *Hamlin v. Meadville,* 6 Id., 234; *Miller v. Hurford,* 11 Id., 381–2; *State v. Perkins,* 53 N. H., 435; 2 Green, Crim. Rep., 332.) A physician not holding a permit or license may be prosecuted for having liquors in his possession with the intention of disposing of the same. (*State v. Cummings,* 17 Neb., 311; *State v. Benadone,* 44 N. W. Rep. [Ia.], 218.) The law makes the possession of liquors a *prima facie* case of guilt. (*Thompson v. People,* 4 Neb., 529.)

*F. Martin, contra,* cited, contending that the act of 1889 was unconstitutional: *State, ex rel. Jones, v. Lancaster Co.,* 6 Neb., 484; *Boggs v. Washington Co.,* 10 Id., 299; *Ives v. Norris,* 13 Id., 252; *Smails v. White,* 4 Id., 353; *State v. Pierce Co.,* 10 Id., 477; *Richards v. State,* 22 Id., 149; *Ryan v. State,* 5 Id., 276; *Tecumseh v. Phillips,* Id., 311; *A. & N. R. Co. v. Baty,* 6 Id., 37; *Sovereign v. State,* 7 Id., 412; *Lancaster Co. v. Hoagland,* 8 Id., 38; *B. & M. R. Co. v. Saunders Co.,* 9 Id., 510; *Miller v. Hurford,* 11 Id., 377–381.

MAXWELL CH. J.

This prosecution was instituted against the defendant by filing a complaint as follows:

"STATE OF NEBRASKA, } ss.
  RICHARDSON COUNTY. }

"The complaint of Mary J. Oakley, a credible resident freeholder of said county, made before me, W. H. H. Cornell, a justice of the peace in and for said county, who, being first duly sworn, deposes and says that she is a resident freeholder of said county as aforesaid, and that she has reason to believe, and does believe, that one Dr. A. D. Cloyd, of said county, does and is now keeping for the purpose of sale without license, unlawfully and purposely, within the county of Richardson county, and the state of Nebraska, certain malt, spirituous, vinous, mixed and fermented intoxicating liquors, to-wit, wine, beer, and whisky, and alcohol, which the said Dr. A. D. Cloyd had now and is keeping for the aforesaid unlawful purpose, in a certain one-story frame building and a cellar thereunder on the east side of Main street, in the village of Shubert, in the county of Richardson, and state of Nebraska, now owned by one E. S. Towle, of said county, and occupied by said Dr. A. D. Cloyd as a drug store, and that the said Dr. A. D. Cloyd has been and now is keeping said liquor with the intention of disposing of the same without license, in violation of chapter 50 of the Compiled Statutes of the state of Nebraska, and contrary to the form of the statutes in such case made and provided, and against the peace and dignity of the state of Nebraska, and affiant prays that a warrant may be issued, directed to the proper officer, commanding him to search said premises and take possession of all of said liquors found therein and have the same in open court to be disposed of according to law.

                                 "MARY J. OAKLEY."

A warrant was thereupon issued under which the defendant was arrested and bound over to the district court. Thereupon all the proceedings were certified up to that court. In the district court he demurred to the complaint and the demurrer was sustained and the proceeding

dismissed. The county attorney thereupon obtained leave to file a petition in error in this court, and the cause is now submitted upon the ruling of the district court.

In 1889 the legislature passed an act "amendatory of and supplemental of chapter 50 of the Compiled Laws of 1885, entitled 'Liquors'," Laws of 1889, ch. 33. Section 1, to be numbered section 20 of said chapter 50, provides: "Hereafter it shall be unlawful for any person to keep for the purpose of sale without license any malt, spirituous, or vinous liquors in the state of Nebraska, and any person or persons who shall be found in possession of any intoxicating liquors in this state, with the intention of disposing of the same without license in violation of this chapter, shall be deemed guilty of a misdemeanor and on conviction thereof shall be fined or imprisoned as provided in section 11 of this chapter; *Provided,* That this shall not apply to physicians or druggists holding permits for the sale of liquors for medicinal, mechanical, or sacramental purposes, or persons having liquors for home consumption. If any credible, resident freeholder of any county in this state shall, before any police judge, county judge, or justice of the peace, make complaint and information in writing and on oath that he has reason to believe and does believe that any intoxicating liquor, describing it as particularly as may be in said complaint, owned or kept by any person named or described in said information as particularly as may be, and is intended to be, or is being, by the person named or described in said complaint, sold without license in violation of this chapter, said magistrate shall, upon filing said complaint and believing there is probable cause therefor, issue his warrant for the search of the premises described in said complaint, and the arrest of the person therein named or described as the case may be, naming and describing the liquors, person, and premises as in the complaint, which warrant shall be directed to the sheriff, city or village marshal or constable, as the complainant may request, and

said warrant shall further command the officer that if after
a thorough and diligent search of said premises he shall
seize the said liquor, with the vessels containing it and to
keep the same securely until final action be had thereon, and
immediately arrest the person named or described in said
warrant, or the person in charge of the said liquors, and
bring him before said magistrate for examination, and the
possession of any of said liquors shall be presumptive evi-
dence of a violation of this chapter and subject the person
to the fine prescribed in section 11, unless after examination
he shall satisfactorily account for and explain the posses-
sion thereof, and that it was not kept for an unlawful pur-
pose.    Where any liquors shall have been seized by virtue
of any such warrant the same shall not be discharged or re-
turned to any person claiming the same, by reason of any
alleged insufficiency of the description in the complaint or
warrant of the liquor or places, but the claimant shall be
entitled to an early and speedy hearing on the merits of
the cause; *Provided,* That in case the place described in
said complaint and to be searched is the residence of the
person named or described in said complaint, or any other
person, then and in that case the warrant shall not issue
unless the complaint shall state that within thirty days,
immediately preceding the filing thereof, that liquor, de-
scribing it, has been sold therein in violation of this
chapter.

"Sec. 2. To be numbered section 21 of said chapter 50.
If upon said examination the magistrate hearing the same
shall be satisfied that the person named or described in the
complaint, or found in possession of said liquors and prem-
ises described therein, had been selling liquors without
license in violation of this chapter, or had said liquors so
seized in his or her possession with intent to dispose of the
same in violation of this chapter said magistrate shall hold
said person so arrested for trial at the next term of the dis-
trict court and shall order the liquors so seized destroyed

by the officer having them in charge; *Provided,* The defendant may appeal from said order to the district court, in which case the liquors shall abide the result of the trial of the defendant in the district court, and if there convicted he shall be fined or imprisoned as in this chapter provided, in the discretion of the court, and the court shall further order said liquors destroyed as if the appeal herein provided for had not been taken.

"Sec. 3. To be numbered section 22 of said chapter 50. In case the defendant is acquitted, he shall be discharged and the liquors returned, but if found guilty, in addition to the payment of a fine he shall pay all costs of prosecution, including a reasonable attorney fee to the prosecuting attorney (in case the county attorney does not prosecute), to be determined by the court, in no case less than $25, which shall be taxed in the costs and recovered as other costs. If the defendant be discharged, the costs shall be paid by the complaining witness, unless the court shall sustain the finding that there was probable cause for the complaint. If no one is found in the possession of said premises where said liquors may be found, the officer taking the same shall post in a conspicuous place on said building or premises a copy of his warrant, and take possession of said liquors and the vessels containing the same, and hold them subject to the order of the magistrate and make return of his doings to the magistrate issuing the warrant. Whereupon it shall be the duty of the magistrate to fix a time for the hearing of the question of the purposes for which said liquors were kept, and issue a notice thereof to the officer, who shall post a copy thereof on the building or premises where the liquors were found; *Provided,* That the day so fixed shall not be less than five nor more than ten days from the date of the issuance of said notice. If at the time fixed for said hearing no person appears, or if any person does appear, after a hearing, the magistrate shall be satisfied that said liquors were being kept or sold,

or with the intention and for the purpose of being sold in violation of this chapter, the magistrate shall order the same destroyed, and in case there is no appearance by any one claiming to be the owner of said liquors, the costs shall be paid by the county in which the complaint is brought for cases where the defendant is acquitted, and if any one appears and resists the complaint he shall be adjudged to pay the costs if the liquor be ordered destroyed; *Provided,.* The possession of said liquors are not found to be for an unlawful purpose, the magistrate shall order them returned to the place where seized."

This statute has been declared valid in *In re White*, 33 Neb., 812, at the present term of this court, and we see no reason to change our judgment in that regard. It will be observed that the act applies to physicians as well as other persons. Physicians and druggists having permits for the sale of liquors for medicinal, mechanical, chemical or sacramental purposes, or persons having liquors for home consumption, are excepted from the operation of the act, to a certain extent. That the use of intoxicating liquors as a beverage is productive of a great deal of misery and crime is now well known. Therefore the law seeks to place the traffic therein in the hands of reputable persons, who are prohibited from selling or furnishing liquors to certain classes named, such as minors and habitual drunkards. Permits may be granted to druggists for the disposal of liquors for certain purposes, and a druggist without a permit who sells or gives away liquor is liable for a violation of the law. A druggist is permitted to sell only for certain purposes. He cannot sell by the drink nor for the purpose of use as a beverage, neither can a physician, under the pretext of prescribing liquor as a medicine, furnish the same himself unless he has a permit authorizing him to do so. If it is said a reputable physician will not abuse his privilege by improperly prescribing intoxicating liquors, the answer is that a disreputable one may do so, and the law

aims to reach every class. In short, a physician cannot prescribe and himself furnish the liquor for a party unless he has a druggist's permit, and the keeping of such liquors for sale without license is punishable under the statute. A large number of questions are discussed in the brief of the defendant in error that are not presented by the record and they will not be discussed until they arise properly. The court erred in sustaining the demurrer, and the exceptions filed by the county attorney are sustained.

EXCEPTIONS SUSTAINED.

THE other judges concur.